IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **COURTNEY U.,**<br><br>           **Plaintiff,**<br><br>v.<br><br>**KILOLO KIJAKAZI,**[1]<br>**Acting Commissioner of Social Security,**<br><br>           **Defendant.** | **MEMORANDUM DECISION<br>AND ORDER**<br><br><br><br>**Case No. 2:20-cv-00670-JCB**<br><br><br>**Magistrate Judge Jared C. Bennett** |

Under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties in this case have consented to Judge Jared C. Bennett conducting all proceedings, including entry of final judgment.[2] Before the court is Plaintiff Courtney U.'s ("Plaintiff") appeal of Acting Commissioner of Social Security Kilolo Kijakazi's ("Commissioner") final decision determining that Plaintiff was not entitled to Disability Insurance Benefits ("DIB") under Title II of the Social Security Act[3] and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act.[4] After careful consideration of the written briefs and the complete record, the court concludes that oral

---

[1] Kilolo Kijakazi is now the Acting Commissioner of Social Security. Under Fed. R. Civ. P. 25(d), she has been substituted for Commissioner Andrew M. Saul as the Defendant in this action. ECF No. 23.

[2] ECF No. 11.

[3] 42 U.S.C. §§ 401-434.

[4] *Id*. §§ 1381-1383f.

argument is not necessary. Based upon the analysis set forth below, all of Plaintiff's arguments on appeal fail. Therefore, the Commissioner's decision in this case is affirmed.

## PROCEDURAL BACKGROUND

Plaintiff alleges disability due to various mental impairments. On January 5, 2018, Plaintiff applied for DIB and SSI.[5] Plaintiff's applications were denied initially and upon reconsideration.[6] On October 15, 2019, Plaintiff appeared with counsel for a hearing before an Administrative Law Judge ("ALJ").[7] Shortly thereafter, the ALJ issued a written decision denying Plaintiff's claims for DIB and SSI.[8] Plaintiff appealed the adverse ruling, and, on August 14, 2020, the Appeals Council denied her appeal,[9] making the ALJ's decision final for purposes of judicial review.[10] On September 23, 2020, Plaintiff filed her complaint in this case seeking review of the Commissioner's final decision.[11]

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal

---

[5] ECF No. 13, Administrative Record ("AR ___") 214-29.

[6] AR 128-31.

[7] AR 29-59.

[8] AR 13-28.

[9] AR 1-6.

[10] 42 U.S.C. §§ 405(g), 1383(c)(3); 20 C.F.R. §§ 404.981, 416.1481.

[11] ECF No. 3.

standards were applied."[12] The Commissioner's findings, "if supported by substantial evidence, shall be conclusive."[13] "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance."[14] "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]."[15] "The [f]ailure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal."[16]

The aforementioned standards of review apply to the Commissioner's five-step evaluation process for determining whether a claimant is disabled.[17] If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed.[18]

> Step one determines whether the claimant is presently engaged in substantial gainful activity. If [the claimant] is, disability benefits are denied. If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that [her] impairments would have more

---

[12] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted).

[13] 42 U.S.C. § 405(g).

[14] *Lax*, 489 F.3d at 1084 (quotations and citation omitted).

[15] *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted).

[16] *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (first alteration in original) (quotations and citation omitted).

[17] 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process).

[18] 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *see also Williams*, 844 F.2d at 750.

than a minimal effect on [her] ability to do basic work activities, [she] is not eligible for disability benefits. If, on the other hand, the claimant presents medical evidence and makes the *de minimis* showing of medical severity, the decision maker proceeds to step three.[19]

At step three, the claimant must show that her impairments meet or equal one of several listed impairments that are "severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience."[20] "If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. If not, the evaluation proceeds to the fourth step . . . ."[21]

At the fourth step, the claimant must show, given her residual functional capacity ("RFC"), that her impairments prevent performance of her "past relevant work."[22] "If the claimant is able to perform [her] previous work, [she] is not disabled."[23] If, however, the claimant is not able to perform her previous work, she "has met [her] burden of proof, establishing a prima facie case of disability."[24]

---

[19] *Williams*, 844 F.2d at 750-51 (quotations and citations omitted); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)-(ii), 416.920(a)(4)(i)-(ii).

[20] 20 C.F.R. §§ 404.1525(a), 416.925(a); *see also* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

[21] *Williams*, 844 F.2d at 751.

[22] 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

[23] *Williams*, 844 F.2d at 751.

[24] *Id*.

At this point, "[t]he evaluation process . . . proceeds to the fifth and final step."[25] At this step, the burden of proof shifts to the Commissioner, and the decision maker must determine "whether the claimant has the [RFC] to perform other work in the national economy in view of [her] age, education, and work experience."[26] If the claimant "can make an adjustment to other work," she is not disabled.[27] If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," she is disabled and entitled to benefits.[28]

## **ANALYSIS**

Plaintiff presents three arguments on appeal. First, Plaintiff argues that the ALJ erred at step three of the sequential evaluation process by concluding that Plaintiff's impairments did not meet or equal section 12.04 of Appendix 1 of the relevant regulations (individually, "listing" or "listed impairment" and collectively, "listings" or "listed impairments").[29] Second, Plaintiff contends that the ALJ erred in the assessment of Plaintiff's RFC. Finally, Plaintiff asserts that the ALJ erred by failing to comply with Social Security Ruling ("SSR") 16-3p[30] when evaluating Plaintiff's symptoms. The court addresses Plaintiff's arguments in turn below. Based upon the

---

[25] *Id*.

[26] *Id*. (quotations and citation omitted); *see also* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

[27] 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

[28] 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

[29] 20 C.F.R. § 404, Subpart P, Appendix 1, listing 12.04.

[30] SSR 16-3p, 2017 WL 5180304 (Oct. 25, 2017).

following analysis, all of Plaintiff's arguments fail. Therefore, the Commissioner's decision in this case is affirmed.

I.     **The ALJ Did Not Err at Step Three.**

Plaintiff argues that the ALJ erred at step three of the sequential evaluation process by determining that Plaintiff's impairments did not meet or equal listing 12.04. As demonstrated below, any error the ALJ committed in reaching that determination is harmless, and the court refuses to reweigh the evidence before the ALJ. Therefore, Plaintiff's argument fails.

As required at step three, the ALJ considered whether Plaintiff's impairments met or equaled the relevant listings.[31] As noted above, the listings describe impairments that are "severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience."[32] A claimant bears the "burden to present evidence establishing her impairments meet or equal listed impairments."[33] A claimant's burden at step three is a high one because the Commissioner "explicitly has set the medical criteria defining the listed impairments at a higher level of severity than the statutory standard. The listings define impairments that would prevent an adult, regardless of his age, education, or work experience, from performing *any* gainful activity, not just 'substantial gainful activity.'"[34] To satisfy that burden, a claimant is required to establish that his or her impairments "meet *all* of the specified

---

[31] AR 19-20.

[32] 20 C.F.R. §§ 404.1525(a), 416.925(a).

[33] *Fischer-Ross v. Barnhart*, 431 F.3d 729, 733 (10th Cir. 2005).

[34] *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990) (emphasis in original).

medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify."[35]

Because Plaintiff's argument focuses upon listing 12.04, the court addresses only the ALJ's consideration of that listing. Listing 12.04 is divided into Paragraphs A, B, and C.[36] The listing can be met or equaled by establishing the requirements of Paragraphs A and B or by establishing the requirements of Paragraph A and C.[37] Although the ALJ did not address Paragraph A in his decision, neither Plaintiff nor the Commissioner seems to dispute that Plaintiff's impairments satisfied the Paragraph A criteria. As to Paragraphs B and C, the ALJ determined that Plaintiff did not satisfy the requirements of either and, therefore, failed to show that her impairments met or equaled listing 12.04.[38]

Plaintiff contends only that the ALJ erred in his consideration of Paragraph B, which provides that a claimant must show an "[e]xtreme limitation of one, or marked limitation of two, of the following areas of mental functioning": (1) the ability to "[u]nderstand, remember, or apply information"; (2) the ability to "[i]nteract with others"; (3) the ability to "[c]oncentrate, persist, or maintain pace"; and (4) the ability to "[a]dapt or manage oneself."[39] In reaching the conclusion that Plaintiff did not satisfy the criteria of Paragraph B, the ALJ determined that

---

[35] *Id.* at 530 (emphasis in original); *see also Lax*, 489 F.3d at 1085 ("To show that an impairment or combination of impairments meets the requirements of a listing, a claimant must provide specific medical findings that support each of the various requisite criteria for the impairment.").

[36] 20 C.F.R. § 404, Subpart P, Appendix 1, listing 12.04(A)-(C).

[37] *Id.*

[38] AR 19-20.

[39] 20 C.F.R. § 404, Subpart P, Appendix 1, listing 12.04(B)(1)-(4).

7

Plaintiff had marked limitation in the ability to interact with others and either mild or moderate limitations in the other three areas of mental functioning.

Plaintiff narrows her argument concerning Paragraph B by focusing on the ALJ's determination that Plaintiff had only a moderate limitation in the ability to adapt or mange herself. In support of that determination, the ALJ found that Plaintiff "has generally shown intact judgment, with the exception of her hospitalization in 2018."[40] Plaintiff argues that the ALJ erred in that making that determination because it is unclear how the ALJ's finding concerning intact judgment supports his determination, and the ALJ ignored evidence concerning Plaintiff's ability to adapt and manage herself. Plaintiff's arguments fail because, as shown below: (A) any error the ALJ committed at step three in determining that Plaintiff's impairments did not meet or equal listing 12.04 is harmless, and (B) the court refuses to reweigh the evidence before the ALJ.

    **A.**    **Any Error the ALJ Committed in Determining That Plaintiff's Impairments Did Not Meet or Equal Listing 12.04 Is Harmless.**

Plaintiff contends in her opening brief that it is unclear how the ALJ's finding concerning intact judgment supports his determination that Plaintiff had the ability to adapt or manage herself. In her reply, Plaintiff abandons that argument by acknowledging that intact judgment supports the ALJ's determination.[41] However, at the same time, Plaintiff contends that the ALJ's finding is insufficient to support his determination. That argument fails because even if the court assumes that the ALJ's determination was somehow inadequate, any error at step three is

---

[40] AR 20.

[41] ECF No. 24 at 3.

rendered harmless by the ALJ's analysis at the subsequent steps of the sequential evaluation process.

SSR 17-2p provides that if an ALJ believes at step three "that the evidence already received in the record does not reasonably support a finding that the individual's impairment(s) medically equals a listed impairment, the [ALJ] is not required to articulate specific evidence supporting his or her finding that the individual's impairment(s) does not medically equal a listed impairment."[42] Instead, "[g]enerally, a statement that the individual's impairment(s) does not medically equal a listed impairment constitutes sufficient articulation for this finding," and the ALJ's "articulation of the reason(s) why the individual is or is not disabled at a later step in the sequential evaluation process will provide rationale that is sufficient for a subsequent reviewer or court to determine the basis for the finding about medical equivalence at step [three]."[43]

Here, even if the ALJ's determination concerning Plaintiff's ability to adapt or manage herself was somehow deficient, any such error is harmless because the ALJ's analysis at subsequent steps of the sequential evaluation process provide sufficient rationale for his determination that Plaintiff's impairments did not meet or equal listing 12.04. In his RFC assessment, the ALJ concluded that the state agency psychologists' opinions were persuasive,[44]

---

[42] SSR 17-2p, 2017 WL 3928306, *4 (Mar. 25, 2017).

[43] Id.; see also Fischer-Ross v. Barnhart, 431 F.3d 729, 735 (10th Cir. 2005) (holding that "any deficiency in the ALJ's articulation of his reasoning to support his step three determination is harmless" if the ALJ's determinations at later steps of the sequential evaluation process, "coupled with indisputable aspects of the medical record, conclusively preclude [a claimant's] qualification under the listings at step three").

[44] AR 22.

and those psychologists found that Plaintiff did not have an impairment that met or equaled a listing, and that Plaintiff could perform a range of unskilled work.[45] Importantly, Plaintiff does not challenge the ALJ's assessment of those opinions. Thus, those opinions constitute undisputed, substantial evidence to support the ALJ's determination that Plaintiff's impairments did not meet or equal listing 12.04. Consequently, any error the ALJ committed at step three is harmless. Therefore, Plaintiff's argument concerning the sufficiency of the ALJ's step-three determination fails.

### B. The Court Refuses to Reweigh the Evidence Before the ALJ.

Plaintiff argues that the ALJ ignored evidence concerning Plaintiff's ability to adapt or manage herself. In support of her argument, Plaintiff cites to select portions of the record that allegedly show that she lacks that ability. Specifically, Plaintiff relies exclusively upon her own statements, her hearing testimony, and the opinions of John Hardy, Ph.D. ("Dr. Hardy"). For the following reasons, Plaintiff's argument fails.

Plaintiff argues the weight of the evidence before the ALJ, which is an unavailing tactic on appeal. The court does not reweigh the evidence before the ALJ.[46] From an evidentiary standpoint, the only issue relevant to the court is whether substantial evidence exists in the record to support the ALJ's conclusions.[47] Plaintiff contends in her reply that she is not arguing the

---

[45] AR 89-127, 132-161.

[46] *Madrid*, 447 F.3d at 790.

[47] *Oldham v. Astrue,* 509 F.3d 1254, 1257 (10th Cir. 2007) (providing that the court reviewing the ALJ's decision reviews "only the sufficiency of the evidence, not its weight" (emphasis omitted)); *Lax,* 489 F.3d at 1084 ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by

weight of the evidence but, instead, is arguing that there is insufficient evidence to support the ALJ's determination that Plaintiff could adapt or manage herself. This is a distinction without a difference. As noted previously, "[s]ubstantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance."[48] As shown above, there is such evidence in the record to support the ALJ's step-three determination.

Additionally, in arguing the weight of the evidence, Plaintiff relies exclusively upon evidence that the ALJ specifically found to be unpersuasive. With respect to Plaintiff's self-reported symptoms and hearing testimony, the ALJ found Plaintiff's "statements concerning the intensity, persistence[,] and limiting effects of [her alleged] symptoms are not entirely consistent with the medical evidence and other evidence in the record."[49] As for Dr. Hardy's opinions, the ALJ found them to be "too vague to be persuasive" because, among other things, they were "largely based on [Plaintiff]'s subjective report."[50]

For those reasons, the court refuses to reweigh the evidence before the ALJ. Therefore, Plaintiff's argument that the ALJ ignored evidence concerning Plaintiff's ability to adapt or manage herself fails.

---

substantial evidence. We may not displace the agenc[y's] choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." (alteration in original) (quotations and citations omitted)).

[48] *Lax*, 489 F.3d at 1084 (quotations and citation omitted).

[49] AR 21.

[50] AR 22.

**II.     Plaintiff Fails to Show That the ALJ Erred in the Assessment of Plaintiff's RFC.**

Plaintiff argues that the ALJ erred in assessing Plaintiff's RFC for two reasons. First, Plaintiff contends that the ALJ failed to address evidence concerning her alleged mental health limitations. Second, Plaintiff asserts that the ALJ failed to consider evidence indicating that she was unable to do work on a "regular and continuing basis."[51] For the same reasons set forth in the previous section, Plaintiff's arguments fail.

In support of both arguments, Plaintiff again does nothing more than argue the weight of the evidence before the ALJ, which is futile on appeal.[52] She also relies exclusively on self-reported symptoms, her hearing testimony, and the opinions of Dr. Hardy, all of which the ALJ found unpersuasive.[53] Because the court cannot reweigh the evidence before the ALJ, Plaintiff fails to show that the ALJ erred in the assessment of Plaintiff's RFC.

**III.    The ALJ Complied with SSR 16-3p When Evaluating Plaintiff's Symptoms.**

The ALJ complied with SSR 16-3p when evaluating Plaintiff's symptoms. SSR 16-3p requires that an ALJ's decision "contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's

---

[51] SSR 96-8p, 1996 WL 374184, *1 (July 2, 1996) ("Ordinarily, RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule.").

[52] *Oldham*, 509 F.3d at 1257; *Lax*, 489 F.3d at 1084.

[53] AR 21-22.

symptoms."[54] SSR 16-3p also provides that "[i]n addition to using all of the evidence to evaluate the intensity, persistence, and limiting effects of an individual's symptoms," the ALJ must also consider the factors set forth in 20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3).[55] SSR 16-3p further provides that an ALJ "will not evaluate an individual's symptoms based solely on objective medical evidence unless that objective medical evidence supports a finding that the individual is disabled," and that an ALJ "will not disregard an individual's statements about the intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence does not substantiate the degree of impairment-related symptoms alleged by the individual."[56]

Plaintiff makes two arguments concerning the ALJ's alleged failure to comply with SSR 16-3p. First, Plaintiff asserts that the ALJ erred by determining that Plaintiff's "symptoms have been relatively well controlled and stable with medication, to the extent that she is not totally disabled."[57] Second, Plaintiff contends that the ALJ erred by relying "heavily" on the objective medical evidence in evaluating Plaintiff's symptoms.[58] For the following reasons, Plaintiff fails to show that the ALJ erred in either regard.

In support of her first argument, Plaintiff points to record evidence indicating that she changed medications multiple times. The Commissioner acknowledges that fact but correctly

---

[54] SSR 16-3p, 2017 WL 5180304, at *10.

[55] Id. at *7-8.

[56] Id. at *5.

[57] AR 21-22.

[58] ECF No. 16 at 15.

notes that the provider who changed Plaintiff's medications recorded generally normal mental status evaluations.[59] Those normal evaluations constitute substantial evidence to support the ALJ's determination that Plaintiff's symptoms were well controlled and stable with medications as far as disability was concerned, notwithstanding the numerous changes in her medications. Plaintiff responds by again pointing to self-reported symptoms, her hearing testimony, and Dr. Hardy's opinions, which, as shown above, improperly invites the court to reweigh the evidence before the ALJ.[60] The court declines this invitation because the ALJ's finding is supported by substantial evidence, which does not require Plaintiff's agreement to exist.

In her second argument, Plaintiff takes issue with the fact that the ALJ relied "heavily" on the objective medical evidence in evaluating Plaintiff's symptoms.[61] Importantly, SSR 16-3p does not prohibit an ALJ from relying upon objective medical evidence in evaluating a claimant's symptoms. Instead, it prohibits an ALJ from relying *exclusively* on objective medical evidence in evaluating symptoms. Here, the ALJ did not rely only on the objective medical evidence but considered other appropriate factors in evaluating Plaintiff's symptoms. Specifically, the ALJ noted that although Plaintiff had been hospitalized several times prior to her alleged disability onset date, she had only a few exacerbations after that date.[62] The ALJ also

---

[59] *See, e.g.*, AR 592-93, 604-05, 613, 625, 642, 651-52, 668-69, 813-14, 832-33, 844-45, 862-63.

[60] *Oldham*, 509 F.3d at 1257; *Lax*, 489 F.3d at 1084.

[61] ECF No. 16 at 15.

[62] AR 21; *see also* 20 C.F.R. §§ 404.1529(c)(3)(v), 416.929(c)(3)(v) (providing that the ALJ considers treatment, other than medication, a claimant receives or has received for relief of pain or other symptoms); SSR 16-3p, 2017 WL 5180304, at *8.

considered the effectiveness of Plaintiff's medications.[63] Thus, the ALJ did not err by failing to comply with SSR 16-3p.[64]

## CONCLUSION AND ORDER

As demonstrated above, all of Plaintiff's arguments on appeal fail. Therefore, IT IS HEREBY ORDERED that the Commissioner's decision in this case is AFFIRMED.

IT IS SO ORDERED.

DATED November 29, 2021.

BY THE COURT:

_____
JARED C. BENNETT
United States Magistrate Judge

---

[63] AR 21-22; *see also* 20 C.F.R. §§ 404.1529(c)(3)(iv), 416.929(c)(3)(iv) (providing that the ALJ considers the type, dosage, effectiveness, and side effects of any medication a claimant takes or has taken to alleviate pain or other symptoms); SSR 16-3p, 2017 WL 5180304, at *8.

[64] Plaintiff again argues the weight of the evidence on this issue by relying upon her self-reported symptoms and hearing testimony. As amply demonstrated above, that argument is ineffective on appeal. *Oldham*, 509 F.3d at 1257; *Lax*, 489 F.3d at 1084.